HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>ZOILA MAYORGA, JADE GUTIERREZ, GUSTAVO DELGADO JIMENEZ, ELEN ASEFA, WOLD AINALEM, AND TESFAY AINALEM.<br><br>　　　　　　Defendants. | No. 2:22-cv-01158-RAJ<br><br>**ORDER** |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff Integon National Insurance Company's ("Plaintiff" or "INIC") Motion for Default Judgment ("Motion") against Defendants Zoila Mayorga, Jade Gutierrez, Elen Asefa, Wold Ainalem, and Tesfay Ainalem. Dkt. # 21. Defendants Mayorga and Gutierrez did not respond. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## II.　FACTUAL BACKGROUND

Defendant Zoila Mayorga ("Mayorga") applied for automobile insurance with

ORDER – 1

INIC on November 15, 2021[1], and coverage became effective on the same day. Dkt. # 22-1 (Declaration of N. Chance Laboda ISO Motion) at 2. INIC's automobile policy ("Policy") included liability coverage for bodily injury limited to $25,000 per person and $50,000 per accident, as well as property damage coverage limited to $25,000 per accident. *Id.* The application for insurance coverage with INIC ("Application") required Mayorga to identify any persons who may have access to the vehicle and were intended to be covered under policy. *Id.* The relevant language of the Application states:

> **Driver and Household Member Information**
>
> **List all persons living in your household who are at least of eligible driving or permit age. In addition, list all persons who are "regular operators" of your vehicle, whether living in your household or not. For purposes of this requirement, a "regular operator" is defined as anyone who will use the vehicle to be insured under this policy at least once a week or at least 30 times over the last 12 months.**
>
> **NOTE: You have a continuing duty during the life of this policy to notify the Company when any household member or regular operator turns an eligible driving or permit age. In addition, there is a continuing duty during the life of the policy to notify the Company any time a person of eligible driving or permit age becomes a household member or regular operator.**

*Id.* at 2.

Mayorga only identified herself under the above section of the Application. *Id.* Additionally, the Application provided a warning regarding undisclosed drivers and asked a series of questions to confirm the applicant understood the terms of the Policy and the consequences of failing to disclose additional drivers. *Id.* at 7. The warning

---

[1] Plaintiff's Complaint and Motion for Default Judgment both incorrectly state that Defendant Mayorga filed an application for automobile insurance on November 15, 2022. However, the Complaint was filed on August 18, 2022. Only after reviewing Plaintiff's exhibits did this Court find the correct date of Ms. Mayorga's application, which was November 15, 2021. This does not change the outcome of the case.

ORDER – 2

states:

**UNDISCLOSED DRIVER**
**WARNING! READ THIS NOTICE CAREFULLY!**

By my signature below, I acknowledge and agree that ALL persons of eligible driving or permit age who live with me are listed in this Application. In addition, I agree that ALL persons who do not live with me but regularly operate or have access to my vehicle(s) are listed in this Application.

I understand that I have a continuing duty to notify the Company within 30 days of any changes of members of my household of eligible driving age or permit age and as further defined in the Applicant's Statement below. In addition, I have a continuing duty to notify the Company within 30 days of any Regular Operator of any vehicle listed on the Policy.

I understand the Company may rescind this Policy if the answers on this Application are false or misleading and materially affect the risk the Company assumes by issuing the Policy.

*Id.*

Mayorga provided her signature directly below this disclosure. *Id.* On the same page, Mayorga answered "NO" to the following two (2) questions: (1) "Are there any household members (which means anyone living with you), including any students who are temporarily away attending college, persons away serving in the military, or persons living sometimes with you but subject to a joint custody agreement, not listed on this Application?" and (2) "Are any Regular Operators/drivers of vehicles to be insured by us not listed in this application, whether or not they live with you? (Regular operator means any person who has used the vehicle to be insured under this policy at least once a week or at least 30 times over the last 12 months.)". *Id.*

Mayorga additionally signed below the "Applicant's Statement" which said:

I agree all answers to all questions in this Application are true and correct. I understand, recognize, and agree said answers are given and made for the purpose of inducing the Company to issue the Policy for which I have applied. I further agree that ALL persons of eligible driving or permit age who live with me, as well as ALL persons who regularly operate my vehicles

ORDER – 3

and do not reside in my household, are shown above. I agree that my principal residence and place of vehicle garaging is correctly shown above and that the vehicle is in this state at least 10 months each year. I understand the Company may rescind this Policy if said answers on this Application are false or misleading, and materially affect the risk the Company assumes by issuing the Policy. In addition, I understand that I have a continuing duty to notify the Company within 30 days of any changes of: (1) address; (2) garaging location of vehicles; (3) number, type, and use of vehicles to be insured under the Policy. This includes the use of the vehicle to carry persons or property for compensation or a fee, ride sharing activity, TNC prearranged trips, personal vehicle sharing program, limousine, or taxi service, livery conveyance, including not-for-hire livery, or for retail or wholesale delivery, including but not limited to, the pickup, transport, or delivery of magazines, newspapers, mail, or food; (4) residents of my household of eligible driving age or permit age; (5) driver's license or permit status (new, revoked, suspended or reinstated) of any resident of my household; (6) operators using any vehicles to be insured under this Policy; or (7) the marital status of any resident or family member of my household. I understand the Company may rescind this Policy if I do not comply with my continuing duty of advising the Company of any change as noted above, with an intent to deceive.

*Id.* at 7.

Nearly one month after the Policy came into effect, Mayorga's daughter, Defendant Jade Gutierrez ("Gutierrez") caused an automobile accident with her mother's car on December 12, 2021, when she pulled out of a parking lot and collided with Defendant Gustavo Delgado Jimenez ("Jimenez"). Dkt. # 1 at 3. The subsequent police report identified Gutierrez as the at-fault driver. Dkt. # 22-3 at 5. Jimenez's insurance filed a Notice of Loss to Plaintiff on January 3, 2022 to recover for the damage to his vehicle. Dkt. # 1 at 4.

On January 15, 2022, Gutierrez was involved in a second accident. *Id.* While driving northbound on 54th Ave West, she came to a stop at the stop sign before driving through the intersection with 236th St. Southwest. *Id.* Meanwhile, Defendant and driver Wold Ainelem, along with passengers Elen Asefa and Tesfay Ainalem, were driving eastbound on 236th St. SW. They continued through the intersection, which did not have traffic control for eastbound drivers, and collided with Gutierrez as she drove through the

ORDER – 4

intersection. *Id.* All three defendants (Wold Ainelem, Elen Asefa and Tesfay Ainalem) made bodily injury claims. *Id.* Additionally, Gutierrez did not have a driver's license at the time of either incident. *Id.*

INIC filed the instant action in federal district court seeking the following declaratory judgment: (1) the Policy does not cover the damage that Gutierrez caused as a result of the two automobile accidents which occurred on December 12, 2021 and January 15, 2022; and (2) INIC has no duty to defend or indemnify Mayorga for any losses, damages, judgments, settlements, or claims stemming from the damage caused in the two automobile accidents. *Id.*

### III.   PROCEDURAL BACKGROUND

Plaintiff filed a Complaint for Declaratory Relief against Defendants on August 18, 2022. Dkt. # 1. On October 26, 2022, Plaintiff filed a Motion for Default against Defendants Wold Ainalem and Elen Asefa, and this Court entered default for both defendants the next day. Dkt. ## 6, 8. On November 2, 2022, Plaintiff similarly filed a Motion for Default against Defendant Zoila Mayorga, which was entered by this Court on November 8, 2022. Dkt. ## 9, 11. Plaintiff moved for default against Jade Gutierrez on November 16, 2022 (Dkt. # 12) and against Tesfay Ainalem on November 30, 2022 (Dkt. # 14). This Court entered default against both defendants on December 5, 2022. Dkt. ## 16, 17.

On December 7, 2022 Plaintiff filed a Stipulated Motion to Dismiss Defendant Gustavo Delgado Jimenez (Dkt. # 19), which this Court granted on December 8, 2022 (Dkt. # 20). Plaintiff filed the instant motion for Default Judgment against Defendants Zoila Mayorga, Jade Gutierrez, Elen Asefa, Wold Ainalem, and Tesfay Ainalem. Dkt. # 21. Plaintiff then filed a stipulated motion to set aside the entry of default against Elen Asefa, Wold Ainalem, and Tesfay Ainalem and dismiss them from this matter, Dkt. # 24, which was granted on April 26, 2023. Dkt. # 25. Mayorga and Guitierrez are the only remaining defendants of this case.

ORDER – 5

## IV. DISCUSSION

### A. Legal Standard

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is disfavored, as cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). However, when well-pleaded allegations in the complaint establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Further, Rule 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014).

### B. Subject Matter Jurisdiction

As a threshold matter, the Court addresses its jurisdiction over the instant action. The parties are diverse as Plaintiff is a North Carolina domiciled corporation and Defendants are citizens of Washington State. Although Plaintiff fails to properly establish the amount in controversy in their Complaint and Motion for Default Judgment, the Court

ORDER – 6

1  concludes that this requirement is met. The insurance policy at issue has a $50,000 limit
2  per accident for bodily injury and $25,000 limit per accident for property damage, and the
3  present action involves two separate automobile accidents resulting in either property
4  damage or bodily injury. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have
5  original jurisdiction of all civil actions where the matter in controversy exceeds the sum
6  or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of
7  different States"). As such, the Court has subject matter jurisdiction over the instant
8  action based on diversity.

**C. Analysis**

In exercising its discretion on a motion for default judgment, the Court considers the *Eitel* factors: (1) the substantive merits of plaintiff's claims; (2) the sufficiency of the claims raised in the complaint; (3) the possibility of prejudice to the plaintiff if relief is denied; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *See Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). As noted above, INIC seeks a declaration that that the Policy does not provide coverage for the conduct, circumstances, claims, damages, and liability alleged in the Complaint. Dkt. # 1. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." Here, the Court concludes that default judgment against the remaining defendants is appropriate.

The allegations of the Complaint, accepted as true, establish Plaintiff's right to a declaratory judgment stating there is no coverage under the Policy for the accidents

ORDER – 7

caused by Gutierrez. The Complaint alleges that Mayorga did not disclose Gutierrez would have access to her vehicle despite various warnings in the Application that put Mayorga on notice regarding the consequences of failing to do so. Dkt. # 1. The record instead reflects that Mayorga was the only listed driver under the Policy. *Id.* The Policy excludes coverage for unlisted drivers and becomes "void from inception if the policyholder was not truthful in their statements or representations or concealed facts during the application process prior to obtaining the Policy." Dkt. # 1. There was thus no coverage for the two accidents caused by Gutierrez, and Plaintiff has no duty to indemnify or defend Mayorga; and without any such coverage, Mayorga is owed nothing under the Policy for claims arising out of the accidents involving Gutierrez. Therefore, INIC's claim against Mayorga and Gutierrez is sufficiently meritorious to weigh in favor of default judgment.

The remaining *Eitel* factors also favor default judgment. INIC faces the risk of having to indemnify Mayorga and cover damages accrued as a result of accidents caused by Gutierrez. These costs may be considerable, and this action is the only mechanism available to avoid incurring them. *See Am. Commerce Ins. Co. v. Schierman*, No. C12-0195JLR, 2012 WL 13018750, at *3 (W.D. Wash. June 25, 2012) ("[T]here is great risk of prejudice to the plaintiff if the motion is denied, because this action is the only means by which [it] can establish that it has no duty to defend or indemnify [the insured]."). There is no money at stake in the action as INIC only seeks a declaration of its obligations under the Policy and no costs, aside from attorney's fees and costs allowed by applicable law. *Eitel*, 782 F.2d at 1471. Finally, no evidence of excusable neglect is before the Court. *Id.*

\\
\\
\\
\\

ORDER – 8

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment against Zoila Mayorga and Jade Gutierrez. Dkt. # 21.

DATED this 12th day of May, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 9